UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BRANDON HARRINGTON,

    Plaintiff,

v.                         406CV285

UNITED STATES OF AMERICA,

    Defendant.

---

ALLSTATE INSURANCE COMPANY,

    Plaintiff,

v.                         407CV044

UNITED STATES OF AMERICA,

    Defendant.

---

BARBARA WILSON, Individually and
as Natural Parent and Next Friend of
DEAKON LUCAS WILSON-HARRINGTON,
a Minor,

    Plaintiff,

v.                         407CV115

UNITED STATES OF AMERICA,

    Defendant.

## O R D E R

Before this Court have been three consolidated,[1] negligence-based FTCA[2] cases against the United States: *Harrington v. U.S.*, 406CV285; *Wilson v. U.S.*, 407CV115; and *Allstate Insurance Company v. U.S.*, 407CV044. After the Government announced settlement in them, doc. # 41, the Court administratively closed this case and noted that

> At this point the parties have two options: (1) do nothing, in which case the Court will, in thirty days from the date this Order is served, dismiss this case with prejudice; or (2) within that same time period present a *Kokkonen*-based,[3] F.R.Civ.P. 41(a)(2) dismissal judgment incorporating their settlement so that the Court may retain jurisdiction to enforce it.

Doc. # 42.

In response, Barbara Wilson, individually and on behalf of Deakon Lucas Wilson (a minor), moves the Court to approve their settlement. 407CV115, doc. # 19. She also asks the Court to retain jurisdiction. Doc. # 20. The Court grants both motions.

The Court has examined petition # 19 and finds that the settlement as proposed is in the best interest of Deakon Lucas Harrington. *See* doc. # 24 at 2 (the Government takes no position on this issue). While the $2,000 settlement amount seems small compared to the $17,000 total settlement in *Wilson, see* 407CV115 doc. # 19-5 at 1, it is undisputed that this child suffered no injuries from the

---

[1] *See* 406CV285 doc. # 18 (Order consolidating case # 407CV044 into case # 406CV285); # 25 (Order consolidating case # 407CV115 into case # 406CV285). One of the benefits of consolidation is that *consolidated* parties can file their documents in one case, thereby relieving themselves and the Court of having to flip through multiple case files. Despite the Court's consolidation Order, however, the parties have continued filing papers in # 407CV115, thus defeating one of the core purposes of consolidation.

[2] The Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 *et seq.*

[3] *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994).

vehicle collision at the center of this case. And given the relatively small amount compared to the formal investment and reporting protocols contemplated by S.D.GA.LOC.CIV.R 17.1(c), the Court will entrust the safe investment and management of this recovery to Barbara Wilson, free of any further supervision by this Court.

Meanwhile, the parties in *Allstate Ins. Co. v. U.S.*, 407CV044, have stipulated to that case's dismissal. 407CV044, doc. # 22. And the parties in *Harrington v. U.S.*, 406CV285, implicitly ask this Court to retain settlement-jurisdiction over their settlement as set forth in doc. # 43. Accordingly, the Court:

- *GRANTS Wilson v. U.S.*, 407CV115 motions # 19 and # 20, then *DISMISSES* that case *WITH PREJUDICE*, except to retain settlement-enforcement jurisdiction over the settlement set forth at doc. # 23;

- *DISMISSES WITH PREJUDICE Allstate Ins. Co. v. U.S.*, 407CV044; and

- *DISMISSES WITH PREJUDICE Harrington v. U.S.*, 406CV285, except to retain settlement-enforcement jurisdiction over the settlement set forth at doc. # 43.

This _27_ day of October, 2008.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA